# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PERCY RENDELL BRUCE, JR., <br><br> Defendant. | No. CR02-2030-LRR <br><br> **FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter is before the court pursuant to its July 23, 2008 order. In such order, the court, among other things, discussed several amendments to the Guidelines Manual, including Amendment 706 and Amendment 715, and it stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the greatest extent possible pursuant to USSG §5K1.1, . . . the maximum reduction results in a new term of 120 months imprisonment on count 1.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

On August 12, 2008, the defendant filed a pro se objection to the court's preliminary order. In his objection, the defendant agrees that he is eligible for a sentence reduction, and he acknowledges that he is subject to a statutorily required minimum

sentence, that is, a mandatory minimum of 120 months imprisonment. Although the defendant recognizes that absent a motion pursuant to 18 U.S.C. § 3553(e) he is unable to receive a sentence below the mandatory minimum, he contends that his attorney never file a motion under 18 U.S.C. § 3553(e) and he asks the court to construe his objection as a motion pursuant to 18 U.S.C. § 3553(e). Further, the defendant asked the court to resolve his objection without appointing an attorney, and the defendant did not seek an evidentiary hearing. With respect to the defendant's objection, only the government is able to file a motion under 18 U.S.C. § 3553(e); the defendant is not able to rely on such statute. Because the government never relied on 18 U.S.C. § 3553(e), the court is unable to go below the statutory mandatory minimum sentence of 120 months imprisonment on count 1 of the indictment.

Having resolved the defendant's objection, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 136 month term of imprisonment, as reflected in the judgment dated September 26, 2003, is reduced to 120 months imprisonment.[1] The defendant's new term of 120 months imprisonment applies to count 1 of the indictment. Except as provided above, all provisions of the judgment dated September 26, 2003 remain in effect. As previously stated in the July 23, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

---

[1] For purposes of the July 23, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 32 | Amended Offense Level: | 30 |
|---|---|---|---|
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 151 to 188 months | Amended Guideline Range: | 121 to 151 months |

The court previously imposed a term of imprisonment below the guideline range applicable to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1. Consequently, the reduced term of 120 months imprisonment is comparably less than the amended guideline range.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 08812-029, and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 19th day of August, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA